UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.                              **ORDER**
                                         Criminal No. 06-144(2) ADM/FLN

Michael Anthony Burns,

        Defendant.

_____

Michael L. Cheever, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Michael Anthony Burns, pro se.

Robert H. Meyers, Assistant Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Michael Anthony Burns' ("Burns") Motion to Adjust Sentence Pursuant to 18 U.S.C. § 3582(c) [Docket No. 74]. Burns requests a reduction of his sentence in light of 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act ("FSA"). For the reasons set forth below Burns' Motion is granted in part.

## II. BACKGROUND

On August 2, 2006, Burns entered a plea of guilty to possession with intent to distribute in excess of 50 grams of cocaine base (Count 3), in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A). The statutory penalty for Count 3 was 10 years to life imprisonment and at least 5 years supervised release. The Plea Agreement [Docket No. 28] states that Burns and the government agreed that "on or about May 2, 2006" Burns did possess with the intent to distribute more than 50 grams of cocaine base or "crack." The parties agreed that the weight of

the cocaine base possessed "during the period of the conspiracy is between 150 and 500 grams." Id. at 3. The government also negotiated a waiver of right to appeal the sentence "in the event the court accepts the plea agreement and sentences the defendant at or below 210 months imprisonment." Id. at 7.

On November 8, 2006, Burns was sentenced to 210 months and 5 years of supervised release. The applicable advisory guideline range was 262-327 months based on a total offense level of 34, with a criminal history Category VI. Statement of Reasons, 11/14/2006. The Court used the Sentencing Guidelines in an advisory fashion. Id. The Court's reason for a substantial downward departure from the Guidelines was that "[g]iven the defendant's history and medical condition, and for other reasons stated on the record, a sentence of 210 months is reasonable and consistent with the considerations for sentencing expressed in 18 U.S.C. § 3553."

Since being in custody, Burns' disciplinary record has been clean, and he has earned a significant amount of good conduct credit. He has also taken advantage of many educational opportunities offered by the Bureau of Prisons. Without any good conduct credits, Burns' release date would be October 30, 2023.

Burns now moves under the First Step Act of 2018 to reduce his sentence to time served. The Government does not oppose a sentence reduction, but argues Burns' sentence should be reduced to 192 months rather than time served.

### III. DISCUSSION

The Fair Sentencing Act of 2010 reduced sentencing disparities between individuals convicted of crack cocaine crimes and those of powder cocaine crimes. 21 U.S.C. § 841(b)(1)(A)(iii). The Fair Sentencing Act increased the amount of crack cocaine needed to

trigger the penalties of § 841(b)(1)(A) from 50 grams to 280 grams of crack and the penalties of § 841(b)(1)(B) from 5 grams to 28 grams. When it was initially passed, Congress did not make the Fair Sentencing Act retroactive, which means that individuals sentenced before enactment were not considered for relief from the statutory penalties under which they were sentenced. This recently changed. The First Step Act of 2018 expressly permits the Court to consider a sentence reduction for individuals sentenced before 2010. It states:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. A "covered offense," as defined by the First Step Act includes offenses punishable under 21 U.S.C. § 841(b)(1)(A). And, as is clear from the statute, relief pursuant to the First Step Act is at the court's discretion.

Where a defendant is eligible for a reduced sentence by his motion under 18 U.S.C. § 3582(c), the court should consider the factors set forth in section 3553(a) to the extent that they are applicable, and consider whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. See United States v. Robles-Garcia, 844 F.3d 792, 793 (8th Cir. 2016).

Burns is eligible for a First Step Act § 404 sentence reduction on Count 3 of his conviction because the amount of crack for which he was held responsible, "in excess of 50 grams," would now be punishable under 21 U.S.C. § 841(b)(1)(B)(iii) instead of under U.S.C. § 841(b)(1)(A)(iii). If convicted today the statutory penalties for the offense would be reduced to a range of 5 to 40 years' imprisonment and a minimum of four years of supervised release. Under

the revised statutes, if sentenced today, Burns would still be accountable for his career offender status. And, just as it did then, the career offender status drives his guideline range. U.S.S.G. § 4B1.2. The Probation Office calculates that under the 2018 Guideline Provisions, Burns' total offense level would be 31 (down from 34), and with a criminal history Category VI, the guideline sentencing range would now be 188-235 months (down from 262-327 months). First Step Act of 2018 Letter [Docket No. 77]. The supervised release term would now be 4-5 years. Id.

The Court's original sentence of 210 months was already a substantial downward departure based on Burns' plea agreement with the government. Furthermore, the Court took into consideration his medical condition, and stated Burns' conduct warranted an escalating consequence to deter recidivism, but did not warrant 262 months under the circumstances. Sentencing Hr'g Tr. at 11 [Docket No. 60]. Now, taking into consideration Congress' intent with the First Step Act in making the Fair Sentencing Act retroactive for drug quantities, and considering the section 3553(a) factors, the Court finds that a reduction is warranted. Burns' sentence is reduced to 188 months, which is still a significant consequence for the underlying conduct, taking into consideration Burns' criminal history, the quantity of drugs, and the penalties triggered post-Fair Sentencing Act. The court will also reduce Burns' supervised release to 4 years, to include, as a condition of supervised release, up to four months in a residential re-entry center to support and assist with his transition to liberty.

the revised statutes, if sentenced today, Burns would still be accountable for his career offender status. And, just as it did then, the career offender status drives his guideline range. U.S.S.G. § 4B1.2. The Probation Office calculates that under the 2018 Guideline Provisions, Burns' total offense level would be 31 (down from 34), and with a criminal history Category VI, the guideline sentencing range would now be 188-235 months (down from 262-327 months). First Step Act of 2018 Letter [Docket No. 77]. The supervised release term would now be 4-5 years. Id.

The Court's original sentence of 210 months was already a substantial downward departure based on Burns' plea agreement with the government. Furthermore, the Court took into consideration his medical condition, and stated Burns' conduct warranted an escalating consequence to deter recidivism, but did not warrant 262 months under the circumstances. Sentencing Hr'g Tr. at 11 [Docket No. 60]. Now, taking into consideration Congress' intent with the First Step Act in making the Fair Sentencing Act retroactive for drug quantities, and considering the section 3553(a) factors, the Court finds that a reduction is warranted. Burns' sentence is reduced to 188 months, which is still a significant consequence for the underlying conduct, taking into consideration Burns' criminal history, the quantity of drugs, and the penalties triggered post-Fair Sentencing Act. The court will also reduce Burns' supervised release to 4 years, to include, as a condition of supervised release, up to four months in a residential re-entry center to support and assist with his transition to liberty.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michael Anthony Burns' Motion to Adjust Sentence Pursuant to 18 U.S.C. § 3582(c) [Docket No. 74] is **GRANTED IN PART, and DENIED IN PART** as follows:

1.  Defendant  Michael Anthony Burns' sentence is reduced to 188 months; and,

2.  Defendant Michael Anthony Burns' supervised release is reduced to 4 years, to include as a condition of supervised release, up to four months in a residential re-entry center.

3.  All other conditions shall remain in effect.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 21, 2019.